■ The People of the State of New York, Respondent, v Rogelio Abreu, Appellant. [631 NYS2d 663] —Judgments, Supreme Court, New York County (Richard Andrias, J.), rendered October 30, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, and convicting him, upon his plea of guilty, of another count of criminal sale of controlled substance in the third degree, and sentencing him to a concurrent term of 4¹/₂ to 9 years, unanimously affirmed.

The trial court properly denied defendant's motion for severance. At trial, the co-defendants and defendant all claimed to be purchasers, not sellers. Although co-defendant Sanchez's testimony that defendant Abreu was the sole drug seller is in direct conflict with Abreu's testimony, the trial court did not abuse its discretion in denying severance. Mere hostility between co-defendants, differences in their trial strategies or inconsistencies in their defenses will not, without more, require a severance. While, as the People properly concede, the testimony of co-defendant Sanchez was at its core in irreconcilable conflict with that of defendant Abreu, severance was nevertheless properly denied because defendant failed to establish that there was a significant danger that this conflict alone would lead the jury to infer his guilt (*People v Mahboubian*, 74 NY2d 174, 184). While recognizing that the facts in defendant Abreu and co-defendant Nesbitt's appeals are not exactly the same inasmuch as Sanchez's testimony against Abreu is more

damaging, we see no reason to depart on this appeal from our prior determination on co-defendant Nesbitt's appeal (198 AD2d 33, *lv denied* 82 NY2d 900) that the conflicting testimony of the various co-defendants as to who was the seller does not mandate a severance. Concur—Murphy, P. J., Rosenberger, Williams and Mazzarelli, JJ.